IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TYRAS TATUM, | § | |
| Institutional ID No. 2264911, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 5:25-CV-160-BV |
| v. | § | |
| | § | |
| AUSTIN BROWN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Plaintiff Tyras Tatum filed this civil-rights action under 42 U.S.C. § 1983. He alleges that while incarcerated at the Texas Department of Criminal Justice (TDCJ) Formby Unit, Defendants failed to protect him, sexually harassed him, and discriminated based on his race. Dkt. No. 6. Because Tatum has failed to plead sufficient facts showing Defendants violated his constitutional rights, the undersigned recommends that the United States District Judge dismiss all of Tatum's claims under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## 1. Procedural Background

Tatum originally filed this action in the Amarillo Division of the Northern District of Texas. Dkt. No. 3. Because Tatum complained of events involving defendants at the Formby Unit, the Amarillo magistrate judge severed and transferred those claims to this division. Dkt. No. 10. The United States District Judge granted Tatum leave to proceed *in forma pauperis* (IFP) and then transferred the case to the undersigned magistrate judge

for further proceedings, including preliminary screening under §§ 1915 and 1915A. Dkt. Nos. 14–15. The undersigned has reviewed Tatum's amended complaint, authenticated records from TDCJ, and Tatum's responses to a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976). Dkt. Nos. 6, 16, 21. Tatum also filed "authenticated records," which the undersigned liberally construes as a supplement to his amended complaint and considered in evaluating his claims. Dkt. No. 18.

Not all parties have consented to proceed before a magistrate judge, so the undersigned enters these findings, conclusions, and recommendation in accordance with the transfer order.

## 2. Factual Background

Tatum's claims stem from events that occurred while he was housed at the Formby Unit. Dkt. Nos. 6 at 1–2, 4–5; 18 at 3.[1] He alleges that, while he was praying, he was assaulted with a weapon by TDCJ inmate Austin Brown. Dkt. No. 6 at 4, 8. Brown hit Tatum on the head, which caused bleeding and a concussion. *Id.* at 8, 10. Tatum was taken to Covenant Hospital Plainview (Plainview Hospital), where he claims that hospital employees Dr. James Townsend Wolfe, nurse Linda Moore, Dr. Eric Babb, and others ridiculed Tatum for "not fight[ing] back[.]" *Id.*; *see* Dkt. No. 21 at 2, 4–5. Tatum also claims that Defendants included wrong information in his medical records, listing him as a female and reporting that he told medical staff that Brown spit on Tatum's prayer rug. Dkt. Nos. 18 at 3–5; 21 at 2–3, 5. Tatum asserts claims for sexual

[1] Page citations to Tatum's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

harassment and racial discrimination based on Defendants' actions. Dkt. Nos. 6 at 8; 21 at 2–5.

Tatum further contends that Formby Unit Warden Nicholas Guess failed to protect Tatum from Brown's assault. Dkt. Nos. 6 at 4; 21 at 6. Tatum also claims that TDCJ Executive Director Bryan Collier failed to ensure that TDCJ complied with Occupational Safety and Health Administration (OSHA) standards, which resulted in Brown—who suffers from mental illness—attacking Tatum. Dkt. Nos. 6 at 4; 21 at 7–8. Tatum seeks monetary damages and declaratory and unspecified injunctive relief for the alleged constitutional violations. Dkt. Nos. 6 at 14; 18 at 3.

**3. Standard of Review**

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). An action is frivolous if it lacks an arguable basis in either fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327. It lacks an arguable basis in fact if it rests on clearly fanciful or baseless factual contentions. *Id.* at 328; *see also Denton v. Hernandez*, 504 U.S. 24, 32–33 (1992).

When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotation marks omitted)). Courts should accept well-pleaded factual allegations as true and should not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). Although pro se pleadings are held to less stringent standards than those prepared by lawyers, plaintiffs must still plead factual allegations "that raise the right to relief above the speculative level." *Id.*; *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (reiterating that conclusory allegations will not suffice).

## 4. Analysis

### A. Non-state actors cannot be sued under § 1983.

Under § 1983, a plaintiff may only sue persons who acted under color of state law. "Private individuals generally are not considered to act under color of law, *i.e.*, are not considered state actors . . . ." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). "Private action may be deemed state action, for purposes of section 1983, only where the challenged conduct may be 'fairly attributable to the State.'" *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922,

937 (1982)). To determine whether private action is fairly attributable to the state, the Supreme Court has applied several different tests: (1) public function; (2) state compulsion; and (3) nexus or joint action. *Id.* at 241–42.

Brown is not a state actor. Brown is a TDCJ inmate, and Tatum does not allege that Brown acted in concert with state actors. *See* Dkt. Nos. 6 at 4, 14 (alleging only that Brown assaulted Tatum while he prayed); 21 at 1 (confirming that Brown is an inmate). Thus, Tatum cannot state a § 1983 claim against Brown. Moreover, Tatum provides *no* indication that he intends to invoke the Court's supplemental jurisdiction under 28 U.S.C. § 1367 or that he wants to sue Brown under Texas state law. *See* Dkt. No. 6. Even if Tatum had so indicated, the undersigned would recommend that the district judge decline to exercise pendant jurisdiction over Tatum's state-law claim because, as discussed further below, his federal claims do not survive preliminary screening. *See* § 1367(c)(3) (providing that a court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"); *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (stating that dismissal of federal claims is "a powerful reason to choose not to continue to exercise jurisdiction" (citation omitted)).

As for Dr. Wolfe, Dr. Babb, and nurse Moore, Tatum has likewise failed to show that they acted under color of state law. Defendants worked at a private hospital where TDCJ staff took Tatum after the assault. Dkt. No. 21 at 1, 3–4. The Court gave Tatum an opportunity to provide facts establishing that these Defendants are state actors. *Id.* at 2–3, 5. Tatum responded only that Defendants provided him with medical care. *Id.* But that fact is insufficient to establish that Defendants' conduct is fairly attributable to the

state because Tatum has pleaded no facts showing Defendants were performing a function traditionally within the state's exclusive province. *See Canfield v. Baylor Med. Ctr.*, No. 3:05 CV 1828 D, 2006 WL 2460554, at *4 (N.D. Tex. Aug. 23, 2006) (explaining that "[a] hospital does not perform a function that is traditionally the exclusive province of the State"). Nor has he alleged that there is a nexus between Defendants' actions and the state or that the state compelled Defendants' actions. *Bass*, 180 F.3d at 242 (explaining the compulsion and nexus tests).

Based on the lack of supporting factual allegations, the undersigned concludes that Tatum's claims against Brown, Dr. Wolfe, Dr. Babb, and Moore must be dismissed because Tatum has not shown that these Defendants' actions are fairly attributable to the state. However, as discussed below, even if Tatum had shown Wolfe, Babb, or Moore engaged in action fairly attributable to the state, the undersigned would recommend dismissal of his claims against those Defendants for other reasons.[2]

**B. Tatum cannot state a claim against Defendants based on alleged verbal harassment.**

Verbal harassment or abusive language, no matter how repugnant or unprofessional, does not amount to a constitutional violation. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (recognizing that "[m]ere allegations of verbal abuse do not present actionable claims under § 1983"); *Jane Doe 5 v. City of Haltom City*, 106 F.

---

[2] The undersigned acknowledges that the facts necessary to establish defendants are state actors are often "peculiarly within the knowledge of defendants," making dismissal at screening inappropriate. *Loosier v. Unknown Med. Dr.*, 435 F. App'x 302, 307 (5th Cir. 2010) (per curiam). But here, Tatum has not pleaded *any* facts showing that Wolfe, Babb, or Moore are state actors, nor has he alleged that discovery would help establish such facts. *See id.* In any event, the undersigned includes an alternative analysis that independently establishes grounds for dismissal of Tatum's claims.

App'x 906, 908 (5th Cir. 2004) (per curiam) (confirming that "[v]erbal sexual harassment does not violate a detainee or inmate's constitutional rights"); *Robertson v. Plano City of Tex.*, 70 F.3d 21, 24 (5th Cir. 1995) (explaining that "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations" (internal quotation marks and citation omitted)). Thus, Tatum's claim that Wolfe, Babb, and Moore verbally harassed or ridiculed him cannot survive screening. *See* Dkt. No. 21 at 2–3, 5 (alleging that Defendants laughed at him and called him a woman for not fighting back).

### C. Tatum cannot state a constitutional claim based on alleged inaccurate medical documentation.

Tatum contends that Wolfe, Babb, and Moore inaccurately reported in his medical record that (1) he was a female, (2) he *may* have lost consciousness after the attack when he told Defendants he in fact lost consciousness, and (3) Brown spit on his prayer rug but Tatum never told Defendants that Brown did that. Dkt. Nos. 18 at 5; 21 at 2–3, 5.

The fact that Defendants may have inaccurately documented some details about Tatum and his circumstances does not, standing alone, rise to the level of a constitutional violation. *See, e.g.*, *Heth v. Lacy*, No. 2:03-CV-0124, 2005 WL 2219265, at *4 (N.D. Tex. Sep. 13, 2005) (explaining that a prisoner "does not have a [constitutional] right to perfectly accurate records").

To the extent Tatum contends that Wolfe, Babb, and Moore purposefully documented wrong information in his medical record because of his race, he likewise fails to state a claim. To state a successful discrimination claim, a plaintiff must plead

facts showing the defendants acted at least in part because of his race. *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (per curiam) (explaining that "[d]iscriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group" (citation omitted)); *see Adkins v. Kaspar*, 393 F.3d 559, 566 (5th Cir. 2004) (requiring a plaintiff to "prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated" (citation omitted)). But here, Tatum makes only a conclusory assertion that Defendants acted because of race without providing facts supporting that belief. *See* Dkt. No. 21 at 2 (responding to Court's question to provide facts showing that Dr. Wolfe acted because of Tatum's race by stating that the racial discrimination was in writing and referring to the medical record that listed Tatum as a female), 4 (same as to Moore), 5 (same as to Dr. Babb). Bare suspicion or belief that a defendant acted with discriminatory purpose, without any supporting facts, is not sufficient to allege a viable claim for race-based discrimination. *See Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995) (explaining that "conclusory allegations of malice are insufficient to maintain" an equal protection claim based on racial discrimination). Thus, Tatum's discrimination claim fails.

Finally, Tatum's allegation that Defendants' input of inaccurate information in his medical record constitutes sexual harassment also fails. The undersigned could not locate a Fifth Circuit decision setting forth the standard for evaluating non-verbal, non-physical sexual harassment claims. *Cf. Howard-Barrows v. City of Haltom City*, 106 F. App'x 912, 914 (5th Cir. 2004) (per curiam) (assuming detainee "ha[d] alleged a constitutional

violation arising out of the [jail's] video system's misuse" but rejecting claim on other grounds). But even if Tatum can advance a claim under the Eighth Amendment based on Defendants' purported labelling him as a female in records, the undersigned concludes he has failed to state sufficient facts.

To state an Eight Amendment claim based on physical sexual harassment, a prisoner must establish both objective and subjective elements. *E.g.*, *Ricks v. Shover*, 891 F.3d 468, 474 (3d Cir. 2018); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). Subjectively, Tatum has not pleaded sufficient facts showing Defendants had a sufficiently culpable state of mind. *See Ricks*, 891 F.3d at 474 (explaining that under the subjective prong, the court must evaluate "whether the official had a legitimate penological purpose or if he or she acted 'maliciously and sadistically for the very purpose of causing harm'" (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). At best, Tatum's allegations reflect that Defendants were negligent in documenting his information, but negligence is not sufficient to establish a constitutional violation. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam) (explaining that a deliberate indifference claim under the Eighth Amendment cannot be based on mere negligence); *Sheppard v. Roberts*, 240 F. App'x 638, 638 (5th Cir. 2007) (per curiam) ("[T]he Due Process Clause of the Fourteenth Amendment is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." (quoting *Daniels v. Williams*, 474 U.S. 327, 328 (1986)).

In sum, Tatum has not pleaded facts showing that Wolfe, Babb, and Moore's inaccurate entries in his medical records violated the Constitution. The undersigned therefore recommends that the district judge dismiss his claim.

**D. Tatum has failed to state a claim against Director Collier and Warden Guess.**

Tatum contends that Director Collier failed to ensure that TDCJ complied with OSHA standards. Dkt. Nos. 6 at 4; 21 at 7. As a result of this noncompliance, Tatum maintains that Brown—who suffers from mental illness—was able to attack Tatum while he prayed. Dkt. No. 21 at 7–8. The undersigned liberally construes Tatum's allegations as a failure-to-protect claim against Director Collier. *See id.* Tatum also alleges that Warden Guess failed to protect him from Brown's attack. *Id.* at 6–7. In Tatum's view, Brown should not have been placed in a cell with Tatum. *See id.* at 7; Dkt. No. 18 at 4.

OSHA does not create a private cause of action. *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976–77 (5th Cir. 1975); *Perez v. Ormiston*, 364 F. App'x 93, 94 (5th Cir. 2010) (per curiam). Thus, any claim based on an OSHA violation does not state a claim under § 1983. *See Lyle v. Magnolia State Enter., Inc.*, 1996 WL 762823, at *3 & n.3 (5th Cir. Dec. 12, 1996) (per curiam) (affirming dismissal of prisoner's OSHA claim "because OSHA does not give rise to a private cause of action").

To the extent Tatum contends that Director Collier and Warden Guess failed to protect him, Tatum has likewise failed to state a claim. To state a successful claim for failure to protect, a plaintiff must show: (1) he was subjected to conditions posing a

substantial risk of serious harm; and (2) prison officials were deliberately indifferent to his need for protection. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). "A prison official is deliberately indifferent if the official (1) was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; (2) subjectively drew the inference that the risk existed; and (3) disregarded the risk." *Suria v. Kunkel*, No. 25-10629, 2026 WL 2161184, at *2 (5th Cir. July 27, 2026) (per curiam) (internal quotation marks, brackets, and citation omitted). An official's failure to alleviate a risk he should have perceived, but did not, does not constitute deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994). And the known risk must be more than just some level of risk and must be "excessive." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009).

Tatum has not alleged facts showing Collier or Guess acted with deliberate indifference. First, Brown's alleged mental illness does not, without more, show that Collier or Guess were aware of a substantial risk of harm. *See Simms v. Hooper*, No. 21-612-JWD-SDJ, 2023 WL 2319334, at *3 (M.D. La. Jan. 25, 2023) (explaining that "[e]ven if [d]efendants or other prison officials had general knowledge that a mental health patient could be dangerous, that does not rise to the level of knowledge necessary to state an Eighth Amendment claim"), *R. & R. adopted by* 2023 WL 2316323 (M.D. La. Mar. 1, 2023). Tatum does not allege that Brown had a history of violence, nor does Tatum claim that Brown had previously threatened or assaulted him. *See* Dkt. Nos. 6 at 4, 8–9, 14; 21 at 6–8. Even if he could make such allegations, he does not know that

Collier or Guess personally knew of that history. And Tatum concedes that he never communicated any information to Collier or Guess such that they were aware of facts from which they could infer that housing Brown and Tatum together posed a substantial risk of serious harm.

In short, Tatum has not shown that any risk of harm was obvious, nor has he pleaded facts supporting an inference that Collier or Guess were aware of any risk. *Suria*, 2026 WL 2161184, at *3 (confirming that "[w]hether a prison official had the requisite knowledge of a substantial risk is a question of fact" that can be inferred "from circumstantial evidence," or "a prison official may be found to have known of a substantial risk from the very fact that the risk was obvious" (internal quotation marks and citation omitted)). Thus, Tatum has not stated a failure-to-protect claim against either Director Collier or Warden Guess.

Finally, Tatum mentions in his supplemental filing that Warden Guess violated the Americans with Disabilities Act (ADA). Dkt. No. 18 at 4. But Tatum pleads no facts to support a disability discrimination or failure-to-accommodate claim. *Id.* Instead, Tatum indicates that under the ADA, Guess had a duty to protect Tatum from Brown, who was "under mental health." *Id.* Assuming that Tatum is referring to Brown's mental illness as the disability for which Tatum invokes the ADA, his argument is misplaced. The ADA does not contain a requirement for protecting prisoners from inmates with disabilities, and as discussed above, Tatum has not stated a failure-to-protect claim under the Constitution. Nothing in Tatum's pleadings suggests that *he* suffers from any disability for which he suffered discrimination or that was somehow unaccommodated.

*See* Dkt. Nos. 6, 18, 21. Tatum's mere citation to the ADA without any allegations or facts in support requires dismissal of this claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (rejecting "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" as sufficient).

In sum, the undersigned recommends dismissal of all claims against Director Collier and Warden Guess.

**5. Recommendation**

For the reasons explained above, the undersigned recommends that the United States District Judge dismiss with prejudice Tatum's amended complaint and all claims asserted therein in accordance with 28 U.S.C. §§ 1915 and 1915A.

**6. Right to object**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 11, 2026.

Amy Burch

**AMANDA 'AMY' BURCH**
**UNITED STATES MAGISTRATE JUDGE**